**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willard Emanuel REED, Defendant–Appellant.**

**No. 79–5376.**

United States Court of Appeals, Sixth Circuit.

Argued June 10, 1980.

Decided Oct. 1, 1980.

Ben W. Hooper, II, Newport, Tenn., for defendant–appellant.

John H. Cary, U. S. Atty., Guy Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for plaintiff–appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Defendant appeals his conviction for possession of two microwave ovens which had been stolen in interstate commerce, in violation of 18 U.S.C. § 659. He was fined $5,000 and placed on 18 months probation. The theft of the tractor–trailer load of ovens occurred on December 10, 1977. Defendant subsequently was interviewed three times by FBI agents, the last time in February 1978.

On November 27, 1978, defendant testified before a federal grand jury concerning the two ovens, without invoking his fifth amendment privilege against self–incrimination.

Defendant was indicted September 4, 1979. At trial, the Government prevailed on a motion to introduce a portion of defendant's grand jury testimony as substantive evidence against him. Portions were read during the Government's case–in–chief and the entire grand jury transcript was made a trial exhibit.

The Government also introduced the testimony of three FBI agents, the testimony of two parties previously convicted of the theft and distribution of the ovens, and the testimony of numerous background witnesses. The Government also relied upon the inference arising from the possession of stolen property.

Defendant contends the Government was required to give him warnings prior to his testimony before the grand jury as a prerequisite to using that testimony against him at trial. We conclude that District Judge Robert L. Taylor did not err in permitting the introduction of the grand jury testimony at trial under the facts and circumstances of this case. Accordingly, we affirm the conviction.

Defendant asserts that he was a "putative" or "virtual" defendant at the time he testified, and the failure to forewarn him of his rights violated his fifth amendment privilege against self incrimination. He analogizes his case to the custodial interrogation requirement of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), arguing the inherently coercive atmosphere of a grand jury proceeding deprived him of his freedom of action in a significant way. *Id.* at 444, 86 S.Ct. at 1612.

A plurality of the Supreme Court stated in *United States v. Mandujano*, 425 U.S. 564, 580, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212 (1976):

Indeed, the Court's opinion in *Miranda* reveals a focus on what was seen by the Court as police "coercion" derived from "factual studies [relating to] police violence and the 'third degree' . . . physical brutality–beating, hanging whipping–and to sustained and protracted questioning incommunicado in order to extort confessions. . . ." *Id.*, at 445–446, [86 S.Ct. at 1613, 16 L.Ed.2d, at 707.] To extend these concepts to questioning before a grand jury inquiring into criminal activity under the guidance of a judge is an extravagant expansion never remotely contemplated by this Court in *Miranda* ; the dynamics of constitutional interpretation do not compel constant extension of every doctrine announced by the Court.

In *Stanley v. United States*, 245 F.2d 427, 434 (6th Cir. 1957), we said:

A sharp distinction is made in the decisions between testimony given before a grand jury by a defendant in custody under a criminal charge and by a witness who is later charged with a crime.

We noted that the "protection afforded a defendant in custody is also extended to a witness who is virtually in the position of a defendant." *Id.* In the present case, as in *Stanley*, defendant does not claim that he

was charged with a crime at the time he was subpoenaed to testify before the grand jury.

In *United States v. Luxenberg*, 374 F.2d 241, 246 (6th Cir. 1967), we noted:

> One who is a defendant must be advised that he may refuse to answer incriminating questions and that anything he says may be used against him. A person testifying before a grand jury as a witness need not be so advised, but does retain the right to decline to give an incriminating answer. *Stanley v. United States*, 245 F.2d 427 (C.A.6); *United States v. Benjamin*, 120 F.2d 521 (C.A.2); *Mulloney v. United States*, 79 F.2d 566 (C.A.1), cert. den. 296 U.S. 658, 56 S.Ct. 383, 80 L.Ed. 468.

The crucial fact in *Luxenberg* was that no criminal proceedings were then pending or threatened against the parties nor were indictments then being sought. In *United States v. Fromin*, 540 F.2d 846 (6th Cir.), *cert. denied*, 431 U.S. 930, 97 S.Ct. 2635, 53 L.Ed.2d 246 (1976), we reaffirmed the rules of *Stanley* and *Luxenberg*.

Both *United States v. Washington*, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977), and *United States v. Mandujano, supra,* stopped short of the question of whether *Miranda* warnings are constitutionally required for a putative defendant testifying before a grand jury. That question is not presented under the facts of the present case. Defendant offers nothing more than his bare assertion that he was a putative defendant at the time he testified. The sequence of events does not support his allegation. Approximately two years passed from the time of his first FBI interview and his indictment. Almost a year passed between his testimony before the grand jury and his indictment. Having established neither a coercive nor custodial setting nor his status as a putative defendant, defendant has failed to open the door left ajar by the Court in *Washington* and *Mandujano.*

Furthermore, a review of the record reveals that without any consideration of defendant's grand jury testimony there is sufficient evidence to support the conviction. Any error in admission of grand jury evidence was harmless under Fed.R.Crim.P. 52(a).

Affirmed.